

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE DIMATTEO | **COMPLAINT** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SWEENEY, GALLO, REICH & BOLZ, LLP and DAVID A. GALLO, ESQ,. | **13 CV 8451** |
| Defendants | **JUDGE CROTTY** |

NOV 2 6 2013

USDC WP SDNY

## INTRODUCTION

1.    This is an action for money damages and declaratory judgment, brought by an individual consumer, based on the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

2.    Specifically, this action relates to Defendant's attempts to collect debts that Plaintiff did not owe.

## JURISDICTION AND VENUE

3.    Jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

4.    Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.    Venue in this District is proper because the Plaintiff lives here and Defendants transact business here, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

7.    Plaintiff Eugene DiMatteo (hereinafter "Mr. DiMatteo") is a natural person who has

resided at all relevant times at 183 Thompson Street, Apt. C-1 in the county, city and state of New York.

8.      Mr. DiMatteo is a consumer as defined by 15 U.S.C. § 1692a(3).

9.      Defendant Sweeney, Gallo, Reich & Bolz, LLP (hereinafter "SGRB") is a limited liability partnership registered in the State of New York, with its principal offices at 95-25 Queens Boulevard, 11th floor, Rego Park, NY 11374.

10.     SGRB's firm website states that "Sweeney, Gallo, Reich & Bolz LLP represents many Banks, Lenders and individual landlords and real estate developers in residential and commercial eviction proceedings through New York State. We prosecute holdover and non-payment summary proceedings. . ."

11.     Defendant SGRB regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another, and is a debt collector as defined by the FDCPA at 15 U.S.C. 1692a(6).

12.     Defendant David A. Gallo (hereinafter, "Mr. Gallo") is a founding partner at SGRB.

13.     Mr. Gallo's practice focuses in large part on collecting alleged debts on behalf of landlords and lenders in housing court and foreclosure proceedings.

14.     Mr. Gallo regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another, and is a debt collector as defined by the FDCPA at 15 U.S.C. 1692a(6).

## FACTS

15.     Mr. DiMatteo is a rent controlled tenant at 183 Thompson Street, Apt. C-1, New York, NY 10012 (the "Subject Apartment").

16.     There is no written lease between Mr. DiMatteo and his landlord (or the landlord's predecessor) governing the tenancy.

17.     Upon information and belief, Tom Sullivan LLC is the owner of the building at 183 Thompson Street, New York, NY 10012 (the 'Subject Building").

18.     Mr. DiMatteo resides in the Subject Apartment with Martin J. Hirko ("Mr. Hirko").

19.     Mr. DiMatteo and Mr. Hirko (collectively, "the Tenants") reside together in the Subject Apartment in a family-like relationship.

20.     The Tenants maintain a joint checking account.

21.     Mr. Hirko handles most of the household finances for the Tenants' household.

22.     Previously, Tom Sullivan LLC had accepted rent payments for the Subject Apartment tendered by Mr. Hirko.

23.     Starting in September of 2012, Tom Sullivan LLC refused to accept payments tendered by Mr. Hirko for rent for the Subject Apartment.

24.     Each month, starting in September of 2012 and continuing, the Tenants tendered the full rent for the Subject Apartment to Tom Sullivan LLC on a monthly basis.

25.     The Tenants sent letters along with their rent payments, making it clear that the payments tendered were intended to pay the rent for the Subject Apartment. (See, for example, the letters dated August 1, 2013, attached as Exhibit A)

26.     On or about September 1, 2013, the Tenants tendered a check for $5347.03 to Tom Sullivan LLC, which represented 100% of the rent due and owing for the Subject Apartment through September 30, 2013. (See September 1, 2013 cover letter, attached as Exhibit B)

27.     On or about September 6, 2013, Defendant SGRB sent a dunning letter to Mr. DiMatteo, alleging that Mr. DiMatteo owed $5347.03 to Tom Sullivan LLC and with it was sent a rent demand. (See dunning letter dated September 6, 2013, and rent demand attached collectively as Exhibit C).

28.     The rent demand threatened that unless the alleged arrears were paid, on or before September 19, 2013, "the landlord will commence summary proceedings under the Statute" to evict the Tenants and recover possession of the Subject Apartment.

29.     Subsequently, SGRB initiated an eviction action against the Tenants, alleging non-payment of rent, in the Housing Part of the New York City Civil Court. (The notice of petition and petition for <u>Tom Sullivan LLC v. DiMatteo and Hirko,</u>L & T Index No. 13N085596,  initiating the action are attached collectively as Exhibit D.)

30.     <u>Tom Sullivan LLC v. DiMatteo and Hirko,</u> L & T Index No. 13N085596 (hereinafter, "the State Court Action") alleged that Eugene DiMatteo (who was denominated the "Respondent" therein, was the tenant of the Subject Apartment and that he had "entered into possession under a written agreement between  Respondent and the Landlord (landlord's predecessor), wherein Respondent promised to pay to the Landlord as rent $296.71 in advance on the 1st day of each month." (See Exhibit D, paragraph 2)

31.     The State Court Action further alleged that "pursuant to said agreement, there was due to the landlord . . . $5,763.98" as total rent due, plus a $750 legal fee charge. (See Exhibit D, paragraph 4)

32.     The State Court Action sought a judgment for rent arrears totaling $6,513.98, which amount included the $750.00 "legal fee."   (See Exhibit D, paragraph 9)

33.     Defendant Mr. Gallo verified the State Court Action.

34.     When contacted, Mr Gallo readily admitted that the Tenants had tendered rent on a monthly basis to Tom Sullivan LLC and that Tom Sullivan LLC was in possession of a check from the Tenants in the amount of $6180.93 and that said sum represented all rent due and owing through November 30, 2013.

35.    The State Court action was settled, with Tom Sullivan LLC agreeing to accept Tenants previously tendered check, and further agreeing to dismiss the state court action with prejudice. (See Exhibit E, attached hereto)

## FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

36.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

37.    By undertaking the above referenced collection activities, Defendants SGRB and Mr. Gallo violated 15 U.S.C. § 1692 *et seq.*

38.    Specifically and without limitation, in sending the Plaintiff a dunning letter when all the rent had previously been tendered, SGRB violated 1692e, 1692e(2)(A), 1692e(5), 1692e10, 1692f, and 1692f(1).

39.    The commencement of an eviction action against Mr. DiMatteo and the Petition filed by Defendants in that action also violated numerous provisions of the FDCPA. Specifically, by seeking to have Mr. DiMatteo evicted, representing that a balance was owed when all rent had been tendered, claiming that the tenancy was governed by a written contract when it was not, and seeking attorney's fees when same was not authorized by any agreement or law, Defendants violated 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

40.    As a result of these violations of the FDCPA, including the unjustified attempt to evict Mr. DiMatteo and the bringing of an eviction proceeding in state court for this purpose, Mr. DiMatteo has suffered actual damages, including, without limitation:

a.    Legal fees in negotiating a dismissal of the State Court action; and

b.    Anxiety, stress, loss of sleep, loss of appetite; fear, nervousness; emotional distress; worry and loss of happiness; loss of concentration; embarrassment;

humiliation; intimidation, loss of the tranquility; and pain and suffering, all

related to the fear of being evicted.

41.     As a result of these violations, Mr. DiMatteo is entitled to statutory damages of $1,000.00,

actual damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION
### Judiciary Law § 487

42.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

43.     Defendants were guilty of intentional deceit in the State Court action.

44.     By initiating a summary eviction proceeding for non-payment, the Defendants knowingly

and falsely represented to the Court that rent arrears actually existed when in reality all rent had

been timely tendered to the landlord.

45.     Before making such a representation, Defendants had a duty to meaningfully review the

facts and make a reasonable inquiry into whether such arrears actually existed before asserting

their existence.

46.     On information and belief, by verifying the petition in this summary eviction proceeding,

the Defendants knowingly and falsely swore to the truth of all the allegations therein, claiming

falsely that they had relied on "oral statements, books and records furnished by the Petitioner [-

Landlord], its agents and/or employees, and material contained in the office files."

47.     On information and belief, Defendants' initiation of a summary eviction proceeding when

Defendants knew that all rent had been timely tendered is a part of a larger, recurring policy and

practice that is designed to deceive and frighten tenants (who are largely unrepresented in Housing

Court) into complying with the unreasonable demands of their landlords, or face the possibility of

eviction.

48.     On information and belief, Defendants knowingly and falsely represented that Mr.

DiMatteo had "entered into possession under a written agreement between Respondent and the Landlord (landlord's predecessor), wherein Respondent promised to pay to the Landlord as rent $296.71 in advance on the 1st day of each month."

49.     Further, on information and belief, Defendants knowingly and falsely represented that Mr. DiMatteo owed a $750 legal fee charge.

50.     On information and belief, Defendants' inclusion of this $750 in legal fees in its State Court action is a part of a larger, recurring policy and practice that is designed (a) to deceive tenants into paying legal fees which are either not specifically authorized by the parties' leases and/or which have not been awarded by the Court; and (b).  to deceive the Court into awarding legal fees which are not specifically authorized by the parties' leases.

51.     As a result of Defendants' violations of Judiciary Law  § 487, Mr. DiMatteo is entitled to actual damages, treble damages and costs.

**WHEREFORE,** Plaintiff respectfully requests that this Court award:

(a)     Declaratory Judgment that Defendants' conduct violated the FDCPA and Judiciary Law § 487;

(b)     An order directing Defendants to cease engaging in debt collection practices that violate the FDCPA and Judiciary Law § 487; statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(c)     Actual damages, Treble damages, reasonable attorneys' fees and costs pursuant to Judiciary Law § 487.

(d)     Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: November 25, 2013
       Pleasantville, New York

                                         Respectfully Submitted,

                                       Elizabeth Shollenberger
                                       *Attorney for Plaintiff*
                                       SCHLANGER & SCHLANGER, LLP
                                       343 Manville Road
                                       Pleasantville, NY 10570
                                       Telephone:  914-946-1981, ext. 103
                                       Facsimile:  914-946-2930
                                       Email:  eshollenberger@schlangerlegal.com

# EXHIBIT A

Eugene Di Matteo Martin J. Hirko
183 Thompson St. Apt. C1
New York, New York, 10012

Attn Building Management                                    Aug 1st, 2013

Tom Sullivan LLC

P.O Box 3557

New Hyde Park, New York 11040 – 0801

Dear Building Management For 183 Thompson St., NYC,

We are urging you once again to cash our most recent rent check ( # 229 ) in the amount of 4,930.08 .

You have also not cashed any of the previously rent checks ( #'s, 322, 323, 325, 223, 224, 226, 228 ) when we urged you to do so as well and you never mailed back the un cashed checks to us. Therefore we are requesting that you do this immediately !!!

*** Please also note that we never received and rent reduction for Hurricane Sandy as we were completely without heat, hot water, and electricity for almost a week.


X _Eugene Di Matteo_   Eugene Di Matteo

X _Martin Hirko_   Martin Hirko

# EXHIBIT B

183 Thompson St. Apt. C1
New York, New York, 10012


Attn Building Management                        September 1st, 2013
Tom Sullivan LLC
P.O Box 3557
New Hyde Park, New York 11040 – 0801

Dear Building Management For 183 Thompson St., NYC,

We are urging you once again to cash our most recent rent check ( **#
230 ) in the amount of 5,347.03** .

You have also not cashed any of the previously rent checks ( #'s, 322,
323, 325, 223, 224, 226, 228, 229 ) when we urged you to do so as well
and                          you never mailed back the un cashed checks to us.
Therefore we are requesting that you do this immediately !!!

*** Please also note that **we never received and rent reduction for
Hurricane Sandy as we were completely without heat, hot water, and
electricity for almost a week.**


X _Eugene Di Matteo_ Eugene Di Matteo

X _Martin Hirko_ Martin Hirko

EXHIBIT C

## SWEENEY, GALLO, REICH & BOLZ, LLP

ATTORNEYS AT LAW
95-25 QUEENS BOULEVARD
ELEVENTH FLOOR
REGO PARK, NEW YORK 11374

COUNSEL
MINDY J TREPEL

GERARD J. SWEENEY
DAVID A. GALLO
MICHAEL H. REICH
FRANK A. BOLZ III

( 718) 459-9600
FAX  (718) 459-0999

LONG ISLAND OFFICE
21 Locust Street
Manhasset, New York 11030

MEMBER OF N.Y. & CT. BAR

JOHN W. STEIGLER
ROSEMARIE A. KLIE
RASHEL M. MEHLMAN
JOHN L. WOLTHOFF
MELANIE SWEENEY
ERIC SHEIDLOWER
CHRISTOPHER A. XUEREB
ROBERT M. LINK
RENEE J. ARAGONA
LORI A. PULEO
NICHOLAS FINK

REPLY TO REGO PARK

Date:     September 6, 2013
Creditor: Tom Sullivan LLC
Debt:     $5347.03
To the Debtor:

Despite this demand for payment, if any portion of this claim is disputed, you are to notify us within thirty (30) days after receipt of this notice, indicating the nature of the dispute, as to the amount due or any part thereof.  If we do not hear from you within said thirty (30) days, we will assume the debt to be valid as stated in the Notice.

If, within said thirty (30) day period,  you notify us in writing that the debt or any portion thereof is disputed, we will verify the debt with the creditor and provide you with the evidence concerning the validity of the debt.

If different from the current creditor, upon your request made to us within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor.

Pursuant to the terms of a Federal Law entitled "The Fair Debt Collection Practices Act," we may be considered to be acting as a "debt collector" to collect amounts owing to the creditor.  Any information obtained by us from you or about you will be used for that purpose.  We are not attempting to collect money from anyone who has discharged the debt under U.S. Bankruptcy Laws.

This notice shall not prevent your landlord from proceeding with such other remedies as may be available to it, as a summary proceeding.

TO-A:   EUGENE DIMATTEO
       ALL ROOMS, APT C-1
       183 THOMPSON STREET
       NEW YORK, NEW YORK 10012

Dated - *Fechado*:     SEPTEMBER 6, 2013

The sum of - *La suma de*  $5347.03

For Rent- *Para Renta*
   From- *Desde*   SEPTEMBER  2012
   To - *Hasta*    SEPTEMBER  2013

Breakdown - *Desglose*:

| | | | | | |
|---|---|---|---|---|---|
| SEPT | 2012 RENT | $276.01 | AUG | 2013 RENT | $296.71 |
| OCT | 2012 RENT | 276.01 | SEPT | 2013 RENT | 296.71 |
| NOV | 2012 RENT | 276.01 | FUEL CHG 09/12-03/13 | | 814.52 |
| DEC | 2012 RENT | 276.01 | FUEL CHG 04/12-09/13 | | 721.44 |
| JAN | 2013 RENT | 296.71 | | | |
| FEB | 2013 RENT | 296.71 | RETRO FUEL 02/13 | | 11.64 |
| MAR | 2013 RENT | 296.71 | CARBON MONOXIDE DETECTOR | | 25.00 |
| APR | 2013 RENT | 296.71 | | | |
| MAY | 2013 RENT | 296.71 | | | |
| JUNE | 2013 RENT | 296.71 | | | |
| JULY | 2013 RENT | 296.71 | | | |

Tenant of the above premises:

TAKE NOTICE that you are justly indebted to the Landlord of the above described premises as set forth above, which you are required to pay on or before SEPTEMBER 19, 2013 , or surrender up the possession of said premises to the Landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover the possession thereof.

Inquilino de las premises arriba mencionada:

TOME AVISE que usted adeuda al casero de la propiedad arriba mencionada segun lo arriba expuesto que usted debe pagar antes de SEPTEMBER 19 2013 entregar posesion de dicho local al casero. En caso de incumplimiento, el casero comenzara un juicio de acuerdo a la ley para recobrar su propiedad.

                         TOM SULLIVAN LLC

                              Landlord - *Casero*

                       Luciano Kolic, Managing Agent

    Immediately, if you are currently receiving public assistance, bring this Notice for rent to the worker who handles your case. Your worker will consider this notice on an emergency basis and may be able to provide funds to avoid the possible loss of your apartment.
    If you are not currently receiving public assistance and require financial help, you should apply immediately at your local Income Maintenance Center. If you show this notice to the receptionist, you may also be entitled to assistance on an emergency basis.

    *Inmediatamente, si usted recibe asistencia publica traiga este Aviso para pagar renta al trabajador que atiende su caso. Su trabajador considerara este aviso con caracter de emergencia y, posiblemente, pueda proveerle fondos para evitar que usted pierda su apartamento.*
    *Si no recibe asistencia publica y necesita ayuda financiera, solicite inmediatamente en el centro local de mantenimiento de ingresos. Si muestra este aviso a la recepcionista, usted posiblemente puede tener derecho a recibir ayuda con caracter de emergencia.*

# EXHIBIT D

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK : HOUSING PART**

$85596113$

TOM SULLIVAN LLC,

                                                        Petitioner,

                        – against –

EUGENE DIMATTEO,
ALL ROOMS, APT C-1,
183 THOMPSON STREET,
NEW YORK , NY 10012,

                                        Respondents-Tenants,

MARTIN HIRKO
"John Doe"* and "Jane Doe"*,

                                        Respondents-Undertenants.

*Names of Respondents being fictitious and unknown to Petitioner; persons intended being in
possession of the premises herein described

Index No. L&T

NOTICE OF PETITION
NONPAYMENT -
DWELLING

To the Respondents above named and described, in possession of the Premises herein described or
claiming possession thereof:

**PLEASE TAKE NOTICE** that the annexed petition of TOM SULLIVAN LLC, verified on October
18, 2013, prays for a final judgment of eviction, awarding to the petitioner possession of the Premises
described as follows:

**ALL ROOMS, APT C-1** in the Premises known as and located at 183 THOMPSON STREET, NEW
YORK , NY 10012, in the County of NEW YORK, City and State of New York, as demanded in the
petition.

**TAKE NOTICE** also that demand is made in the petition for judgment against you for the sum of
$6513.98 with interest thereon from September 1, 2012.

**TAKE NOTICE** also that WITHIN FIVE (5) DAYS after service of this Notice of Petition upon you,
you must answer either orally before the Clerk of the Court at 111 Centre Street, New York, NY 10013
, County of NEW YORK, City and State of New York, or in writing by serving a copy thereof upon the
undersigned attorney for the petitioner and by filing the original of such answer, with proof of service
thereof, in the Office of the Clerk of the within named Court.

Your answer may set forth any defense and/or counterclaims you may have against the Petitioner,
unless prohibited by your lease agreement.  On receipt of your answer, the Clerk will fix and give
notice of the date for trial or hearing, which will be held not less than three (3) and not more than eight
(8) days thereafter, at which you must appear. If, after the trial or hearing, judgment is rendered against
you, the issuance of a warrant dispossessing you may, in the discretion of the Court, be stayed for FIVE
(5) days from the date of such judgment.

TAKE NOTICE also that if you fail to interpose and establish any defense that you may have to the allegations of the petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

In the event you fail to answer and appear, final judgment by default will be entered against you, but a warrant dispossessing you will not be issued until the tenth day following the date of the service of this Notice of Petition upon you.

TAKE NOTICE also that under Section 745 of the Real Property Actions and Proceedings Law (RPAPL), you may be required by the Court to make a rent deposit, or a rent payment to the Petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within thirty (30) days of the first court appearance. Failure to comply with the initial deposit or payment order, may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

IMPORTANT NOTICE: If you are, or are a dependent of a person, in the military service of the United States or the State of New York, notify the Court Clerk in order to protect your rights.

Dated: October 18, 2013

Carol Alt_____
Clerk of the Civil Court
of the City of New York

SWEENEY, GALLO, REICH & BOLZ, LLP
Attorneys for Petitioner
95-25 Queens Boulevard
Rego Park, New York 11374
Telephone: (718) 459-9000

INDEX NUMBER

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK : HOUSING PART

TOM SULLIVAN LLC,

Petitioner,

- against -

EUGENE DIMATTEO,

Respondent-Tenant,

Martin Hirko
"John Doe" and "Jane Doe"

Respondents-Undertenants

NOTICE OF PETITION - NONPAYMENT

Signature (Civil 130, 21-a)

DAVID J. GLASS

SWEENEY GALLO REICH & BOLZ, LLP
Attorneys for Petitioner
95-25 Queens Boulevard
11th Floor
Rego Park, New York 11374
(718) 459-9000

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK : HOUSING PART**

| | |
|---|---|
| TOM SULLIVAN LLC, | Index No. L&T |
|                           Petitioner, | |
|     – against – | PETITION - |
| | NONPAYMENT - |
| EUGENE DIMATTEO, | DWELLING |
| ALL ROOMS, APT C-1, | |
| 183 THOMPSON STREET, | |
| NEW YORK , NY 10012, | |
|                 Respondents-Tenants, | |
| MARTIN HIRKO | |
| "John Doe"* and "Jane Doe"*, | |
|          Respondents-Undertenants. | |

*Names of Respondents being fictitious and unknown to Petitioner; persons intended being in possession of the premises herein described*

THE PETITION OF TOM SULLIVAN LLC, owner and landlord of the Premises shows that:

1.    The undersigned is the attorney for the Petitioner and is authorized to maintain this proceeding.

2.    Respondent, EUGENE DIMATTEO, is the tenant of the Premises and entered into possession under a written agreement between Respondent and the Landlord (landlord's predecessor), wherein Respondent promised to pay to the Landlord as rent $296.71 in advance on the lst day of each month. Respondents Martin Hirko, "John Doe" and "Jane Doe" are undertenants of the aforesaid Respondent Tenant. Respondents are now in possession of said Premises.

3.    The Premises are described as follows:

        ALL ROOMS, APT C-1
        183 THOMPSON STREET
        NEW YORK , NY 10012

which is situated within the territorial jurisdiction of the Civil Court of the City of New York, County of NEW YORK.

4.    Pursuant to said agreement there was due to the landlord from Respondents Tenants rent as follows:

| | |
|---|---|
| September 2012 Rent | $ 276.01 |
| October 2012 Rent | 276.01 |
| November 2012 Rent | 276.01 |

| | |
|---|---|
| December  2012 Rent | 276.01 |
| January    2013 Rent | 296.71 |
| February  2013 Rent | 296.71 |
| March      2013 Rent | 296.71 |
| April       2013 Rent | 296.71 |
| May        2013 Rent | 296.71 |
| June        2013 Rent | 296.71 |
| July        2013 Rent | 296.71 |
| August    2013 Rent | 296.71 |
| September 2013 Rent | 296.71 |
| October    2013 Rent | 296.71 |
| Fuel Charge 09/12-03/13 | 814.52 |
| Fuel Charge 04/12-10/13 | 841.68 |
| Retro Fuel Charge 02/13 | 11.64 |
| Carbon Monoxide Detector | 25.00 |
| **Total Rent Due:** | **$5,763.98** |
| **Legal Fees** | 750.00 |
| **Total Rent and Legal Fees Due:** | **$6513.98** |

5.    Rent has been demanded orally and by three (3) day notice to the Respondents Tenants.

6.    Respondents hold over and continue in possession of the Premises without landlord's permission after said default.

7.    xxx  The apartment is presently subject to rent control and the rent demanded herein does not exceed the maximum rent prescribed by the New York State Division of Housing and Community Renewal (DHCR).

        __ The apartment is presently subject to the Rent Stabilization Law of 1969, as amended, because:

___ It was subject to the Rent Stabilization Law on June 30, 1974;

___ It became subject to the Rent Stabilization Law on July 1, 1974. It had been subject to the Rent Stabilization Law on June 30, 1971, but was destabilized prior to July 1, 1974, because of a vacancy which occurred between July 1, 1971 and June 30, 1974;

___ It became subject to the Rent Stabilization Law on July 1, 1974, because of a vacancy which occurred between July 1, 1974. It had been subject to the City Rent Law (rent control) on June 30, 1971, but was decontrolled prior to July 1, 1974, because of a vacancy which occurred between July 1, 1971 and June 30, 1974;

___ It became subject to the Rent Stabilization Law on ____ 19__ . It had been subject to the City Rent Law (rent control) on June 30, 1974, but was thereafter decontrolled because of a vacancy which occurred on ____ 19__ , and the owner of the premises: has registered rents and services with the DHCR pursuant to the Administrative Code; is in, compliance with the Rent Stabilization Law and Code; and the rent demanded herein does not exceed the legal regulated rent permitted the owner under said Law, Code and appropriate Rent Guidelines Board Orders

___ The premises is not subject to any of the foregoing by reason of it being

8.  The premises is a multiple dwelling and pursuant to the Administrative Code Article 41, there is a currently effective registration statement on file with the Office of Code Enforcement in which the owner has designated the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

        Multiple Dwelling Registration Number: 110450
        Registered Managing Agent: Luciano Kolic
        Managing Agent's Address:   253-11 80th Avenue
                                    Queens, NY 11004
        Managing Agent's Telephone: (718) 343-1336

9.  That the property herein sought to be recovered is the residence of the tenant and undertenant's herein. Petitioner requests final judgment: awarding possession of the Premises to the Petitioner; issuance of a warrant to remove respondents from possession thereof; judgment for rent in arrears against the Respondents-Tenants for $6513.98 with interest from September 1, 2012; costs and disbursements herein.

Dated: October 18, 2013

                            TOM SULLIVAN LLC
                            Petitioner

**SWEENEY, GALLO, REICH & BOLZ, LLP**
Attorneys for Petitioner
95-25 Queens Boulevard
Rego Park, New York 11374
Telephone: (718) 459-9000

## VERIFICATION

STATE OF NEW YORK      )
                                          )ss.:
COUNTY OF QUEENS      )


       David A. Gallo, being one of the attorneys for the Petitioner herein, hereby affirms under the penalties of perjury and pursuant to CPLR 2106 that he has read the foregoing petition and knows the contents thereof, and that upon information and belief, the same are true. The source of your affirmant's information and belief are oral statements, books and records furnished by the Petitioner, its agents and/or employees and material contained in the office files. This affirmation is made pursuant to RPAPL 741.


Dated: Queens, New York
     10/18/13

                                        _____
                                        David A. Gallo, Esq.

10/31/2013  23:22      212-362-3546           FEDEX OFFICE      0812              PAGE  09

## NOTICE TO TENANT
### AVISO AL INQUILO

TO-A:  EUGENE DIMATTEO                Dated - Fechado:     SEPTEMBER 6, 2013
      ALL ROOMS, APT C-1
      183 THOMPSON STREET          The sum of - La suma de  $5347.03
      NEW YORK, NEW YORK 10012

                          For Rent- Para Renta
                            From- Desde   SEPTEMBER  2012
                            To - Hasta    SEPTEMBER  2013

                          Breakdown - Desglose:

| | | | | |
|---|---|---|---|---|
| SEPT | 2012 RENT | $276.01 | AUG  2013 RENT | $296.71 |
| OCT | 2012 RENT | 276.01 | SEPT 2013 RENT | 296.71 |
| NOV | 2012 RENT | 276.01 | FUEL CHG 09/12-03/13 | 814.52 |
| DEC | 2012 RENT | 276.01 | FUEL CHG 04/12-09/13 | 721.44 |
| JAN | 2013 RENT | 296.71 | | |
| FEB | 2013 RENT | 296.71 | RETRO FUEL 02/13 | 11.64 |
| MAR | 2013 RENT | 296.71 | CARBON MONOXIDE DETECTOR | 25.00 |
| APR | 2013 RENT | 296.71 | | |
| MAY | 2013 RENT | 296.71 | | |
| JUNE | 2013 RENT | 296.71 | | |
| JULY | 2013 RENT | 296.71 | | |

Tenant of the above premises:

TAKE NOTICE that you are justly indebted to the Landlord of the above described premises as set forth above, which you are required to pay on or before SEPTEMBER 19, 2013  , or surrender up the possession of said premises to the Landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover the possession thereof.

Inquilino de las premises arriba mencionada:

TOME AVISE que usted adeuda al casero de la propiedad arriba mencionada segun lo arriba expuesto que usted debe pagar antes de SEPTEMBER 19 2013 entregar posesion de dicho local al casero.  En caso de incumplimiento, el casero comenzara un juicio de acuerdo a la ley para recobrar su propiedad.

                            TOM SULLIVAN LLC

                                 Landlord - Casero

                                    Lucille Kolic, Managing Agent

    Immediately, if you are currently receiving public assistance, bring this Notice for rent to the worker who handles your case.  Your worker will consider this notice on an emergency basis and may be able to provide funds to avoid the possible loss of your apartment.
    If you are not currently receiving public assistance and require financial help, you should apply immediately at your local Income Maintenance Center.  If you show this notice to the receptionist, you may also be entitled to assistance on an emergency basis.

    *Inmediatamente, si usted recibo asistencia publica traiga este Aviso para pagar renta al trabajador que atiende su caso.  Su trabajador considerara este aviso con caracter de emergencia y, posiblemente, pueda proveerlo fondos para evitar que usted pierda su apartamento.*
    *Si no recibo asistencia publica y necesita ayuda financiera, solicite inmediatamente en el centro local de mantenimiento de ingresos.  Si muestra este aviso a la recepcionista, usted posiblemente puede tener derecho a recibir ayuda con caracter de emergencia.*

# SWEENEY, GALLO, REICH & BOLZ, LLP

ATTORNEYS AT LAW
95-25 QUEENS BOULEVARD
ELEVENTH FLOOR
REGO PARK, NEW YORK 11374

GERARD J. SWEENEY
DAVID A. GALLO
MICHAEL H. REICH
FRANK A. BOLZ III

JOHN W. STEIGLER*
ROSEMARIE A. KLUI
RASHEL M. MEHLMAN
JOHN L. WOLTHOFF
MELANIE SWERNEY
ERIC SHIUDLOWER
CHRISTOPHER A. XUEREB
ROBERT M. LINK
RENEE J. ARAGONA
LORI A. PULEO
NICHOLAS FINK

(718) 459-9000
FAX:   (718) 459-0999

REPLY TO: REGO PARK

COUNSEL
MINDY J. TREFEL

LONG ISLAND OFFICE
21 Locust Street
Manhasset, New York 11030

MEMBER OF N.Y. & CT. BAR

Date:      September 6, 2013
Creditor:  Tom Sullivan LLC
Debt:      $5347.03
To the Debtor:
Despite this demand for payment, if any portion of this claim is
disputed, you are to notify us within thirty (30) days after
receipt of this notice, indicating the nature of the dispute, as to
the amount due or any part thereof.  If we do not hear from you
within said thirty (30) days, we will assume the debt to be valid
as stated in the Notice.

If, within said thirty (30) day period,  you notify us in writing
that the debt or any portion thereof is disputed, we will verify
the debt with the creditor and provide you with the evidence
concerning the validity of the debt.

If different from the current creditor, upon your request made to
us within thirty (30) days of your receipt of this notice, we will
provide you with the name and address of the original creditor.

Pursuant to the terms of a Federal Law entitled "The Fair Debt
Collection Practices Act," we may be considered to be acting as a
"debt collector" to collect amounts owing to the creditor.  Any
information obtained by us from you or about you will be used for
that purpose.  We are not attempting to collect money from anyone
who has discharged the debt under U.S. Bankruptcy Laws.

This notice shall not prevent your landlord from proceeding with
such other remedies as may be available to it, as a summary
proceeding.

## AFFIDAVIT OF SERVICE               L & T

DAVID SINGER, being duly sworn, deposes and says:

That deponent is not a party to this proceeding, is over 18 years of

age, and resides in Nassau County, N.Y.

That on **SEPTEMBER 13, 2013** at **183 THOMPSON STREET, APT C1**

**NEW YORK, NY  10012** at **12:21 PM**  deponent served the within:

## RENT DEMAND

ON: **EUGENE DIMATTEO**

Respondent therin named, by delivering a true copy of each to

said respondent personally, deponent knew the person served to be

said respondent therein.

Deponent describes the individual as follows: **MALE**

skin color: **WHITE**  height: **5'8"**  weight: **160 LBS**  age: **70**  hair color: **BROWN**

Sworn to before me this
SEPTEMBER 16, 2013

COLLEEN AHERN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AH5019609
QUAILFIED IN NASSAU COUNTY
COMMISSION EXPIRES OCTOBER 25, 2013

DAVID SINGER Lic. #1133018

INDEX NUMBER
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK - HOUSING PART

TOM SULLIVAN LLC,

                                                      Petitioner,

                        - against -

EUGENE DIMATTEO,

                                                Respondent-Tenant,

Martin Lisko
"John Doe" and "Jane Doe",

                                          Respondent-Undertenants

## PETITION - NONPAYMENT

Signature (Rule 130-1.1-a)

DAVID A. GALLO, ESQ.

SWEENEY GALLO REICH & BOLZ, LLP
Attorneys for Petitioner
95-25 Queens Boulevard
11th Floor
Rego Park, New York 11374
(718) 459-9000

# EXHIBIT E

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK : HOUSING PART**

---

TOM SULLIVAN, LLC

      Petitioner,

      -against-                 **Index No. L&T 13N085596**

EUGENE DiMATTEO,
ALL ROOMS, APT. C-1
**183 THOMPSON STREET**              **STIPULATION OF**
**NEW YORK, NY 10012,**              **SETTLEMENT AND**
                                          **DISCONTINUANCE**

      Respondents-Tenants,

MARTIN HIRKO and
"John Doe*" and "Jane Doe"*,

      Respondents-Undertenants.

*Names of Respondents being fictitious and unknown to
Petitioner; persons intended being in possession of the
premises herein described.

---

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.    This non-payment summary proceeding is settled and discontinued on the following terms and conditions. A copy of this Stipulation shall be filed with the Court on or before the return date.

2.    Petitioner acknowledges that respondents have tendered rent on a monthly basis and that Petitioner had refused to cash the checks, because the checks were signed by Martin J. Hirko ("Hirko"). Petitioner acknowledges that he is now in possession of a check for $6180.93, drawn on a joint account in the name of Hirko and Eugene DiMatteo ("DiMatteo"), signed by Hirko.

3.    The parties agree that $6180.93 represents all rent due for 183 Thompson Street, Apartment C-1, New York, NY ('the Subject Apartment"), *through*

November 30, 2013.

4.     Respondent and Petitioner acknowledge that Petitioner's acceptance of this check (and of future checks similarly written on a joint account with both Hirko and DiMatteo's name, or with Hirko's name alone)   is without prejudice to Petitioner's rights to contest the occupancy/tenancy of Hirko at the subject apartment at a future date.

5.     Notwithstanding anything to the contrary contained herein, Petitioner "recognizes" only DiMatteo as the rent-controlled tenant of the subject apartment.

6.     Notwithstanding anything to the contrary herein, Hirko reserves his right to seek succession rights to the subject apartment, should DiMatteo cease to occupy the subject apartment.

Dated: November 5, 2013

SCHLANGER & SCHLANGER, LLP,        SWEENEY, GALLO, REICH & BOLZ, LLP
By: ELIZABETH SHOLLENBERGER, ESQ   By: DAVID A. GALLO, ESQ.
Attorneys for EUGENE DiMATTEO        Attorneys for
And MARTIN J. HIRKO                  TOM SULLIVAN, LLC, Petitioner
 343 Manville Road                   95-25 Queens Boulevard,11th Floor
Pleasantville, New York 10570        Rego Park, New York 11374
Telephone 914-946-1981               Telephone 718-459-9000